Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Michael T. Mason | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 8283 | **DATE** | 10/29/2001 |
| **CASE TITLE** | Bishton vs. United Parcel Service | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Defendant's motion to reconsider defendant's motion to dismiss second amended complaint [30-1] is granted. Those allegations in the complaint which relate to Bishton's failure to receive promotions in 1996 and 1997 are stricken. Defendant UPS has 21 days, up to and including 11/19/01 to answer the remaining allegations of the second amended complaint.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | OCT 3 0 2001 | 38 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 10/26/2001 | |
| | | | date mailed notice | |
| KF | courtroom deputy's initials | | KF7 | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
OCT 3 0 2001

| | |
|---|---|
| THEODORE BISHTON, | ) |
| Plaintiff, | ) |
| v. | ) 99 C 8283 |
| UNITED PARCEL SERVICE, | ) Magistrate Judge |
| Defendant. | ) Michael T. Mason |

## MEMORANDUM OPINION AND ORDER

Before us is defendant United Parcel Service's ("UPS") motion to reconsider their recently denied motion to dismiss plaintiff Theodore Bishton's ("Bishton") Second Amended Complaint. After reviewing the parties' submissions and recent Seventh Circuit case law, we agree with defendant that the continuing violation theory cannot apply to the plaintiff's 1996 and 1997 promotion denials, and thus, these portions of the complaint must be stricken.[1]

Because we are new to the case, a brief procedural and factual history is in order. Bishton filed a First Amended Complaint which alleged that UPS discriminated against him on the basis of race and gender when it failed to promote him on two occasions in 1996 and 1997, and that it was UPS' affirmative action policy that prevented him from being promoted. Judge Rosemond dismissed this complaint because Bishton had not filed a charge with the EEOC within 300 days of these two denials, a prerequisite for bringing a

---

[1] Because Bishton makes allegations about his 1996 and 1997 failures to promote in the same counts as he discusses his timely 1998 failure to promote, we cannot dismiss the counts in their entirety. Instead, we strike the untimely portions of the complaint and hold that Bishton may not seek damages for the 1996 and 1997 incidents.



Title VII suit in federal court. *See Filipovic v. K & R Express Systems, Inc.,* 176 F.3d 390, 396 (7th Cir. 1999). Subsequently, Bishton obtained leave to file his Second Amended Complaint, which specified an allegation of discrimination in March 1998, for which Bishton had filed a timely charge before the EEOC.[2]

Bishton claims that the 1996 and 1997 failures to promote are part of a continuing violation by UPS, and he was not aware until much later that UPS had an affirmative action policy which allegedly served to deny him of the promotions. Under the continuing violation theory, a plaintiff may seek relief for an otherwise time-barred act "by linking it with an act that is within the limitations period." *Speer v. Rand McNally,* 123 F.3d 658, 663 (7th Cir. 1997). The Seventh Circuit has recognized three different types of continuing violation: (1) where the employer's decision-making process takes place over time making it difficult to pinpoint the date of the violation; (2) where the employer has a systematic and open policy of discriminatory conduct; and (3) where the conduct is so "covert" that its discriminatory character is not immediately apparent. *Place v. Abbott Labs.,* 215 F.3d 803, 808 (7th Cir. 2000), *cert. denied,* 531 U.S. 1074 (2001). Important for this motion, under any of these three scenarios, the continuing violation theory does not apply where a time-barred incident cannot be linked with a timely incident or where the time-barred incident alone should have triggered the plaintiff's awareness of his rights. *See Simpson v. Borg-Warner Automotive, Inc.,* 196 F.3d 873, 875 n.1 (7th Cir. 1999).

---

[2] Bishton had alluded to this incident in his First Amended Complaint, but it was not specific enough to support his argument that the 1996 and 1997 incidents were part of a continuing violation by UPS, making them timely. UPS argued in its first motion to dismiss that Bishton should not have been allowed to add the 1998 incident, but does not ask for reconsideration of Judge Rosemond's order. allowing the addition.

In this case, the parties dispute exactly what kind of continuing violation is at issue here. At times, Bishton contends – and Judge Rosemond accepted – that UPS had an affirmative action policy which prevented Bishton's promotion. Making all inferences in favor of the plaintiff, we can just barely read Plaintiff's Second Amended Complaint broadly enough to find this allegation.[3] Additionally, parts of the Second Amended Complaint imply that Bishton's continuing violation theory is actually of the third type, that is, he argues that UPS took steps to conceal its discrimination from him.[4]

Conspicuously absent from the Second Amended Complaint are allegations contained in the First Amended Complaint that Bishton complained in writing to UPS that he believed he was a victim of discrimination on January 31, 1997, after he failed to receive a promotion to package car driver. Also missing are earlier allegations that UPS refused to address many of his complaints of discrimination. Since the continuing violation theory was a central issue in UPS' motion to dismiss the First Amended Complaint, Bishton's deletions – which strengthen his continuing violation claim – are more than a little suspicious. Indeed, Judge Rosemond's opinion dismissing the First Amended Complaint

---

[3] Bishton's Second Amended Complaint merely states that a management employee of defendant told him that affirmative action was the sole factor for his non-promotion; it does not allege that UPS had an express, openly espoused, discriminatory policy that was in effect during the limitations period, " *EEOC v. North Gibson School Corp.*, No. 00 C 3177, 2001 WL 1083940 (7th Cir., Sept. 11, 2001), citing *Place*, 215 F.3d at 808, as required for this type of continuing violation doctrine to apply. However, because this is a motion to dismiss, we will accept Bishton's allegation that such a policy did exist.

[4] The First Amended Complaint added to this allegation by specifically stating that UPS refused to address Bishton's allegations of discrimination and by providing him with misleading and ambiguous information when he complained of discrimination. As we explain below, Bishton apparently realized that these allegations would harm his continuing violation argument, so they have been removed from the Second Amended Complaint. In any event, Judge Rosemond addressed Bishton's concealment claims in his opinion dismissing the First Amended Complaint, and found the argument lacking. We agree with Judge Rosemond's reasoning.

refers specifically to Bishton's January 31, 1997 letter and notes that "[i]t is clear that by January 31, 1997, Plaintiff held the belief that Defendant was discriminating against him because of his race and sex in favor of the company affirmative action policy." In his decision denying defendant's motion to dismiss the Second Amended Complaint, Judge Rosemond correctly struck those portions of the Second Amended Complaint which alleged that Bishton first became aware of UPS' alleged discrimination on April 7, 1998, a date within the limitations period which contradicts his earlier allegations about the January 1997 letter.[5]

We cannot simply ignore Bishton's January 1997 letter and allow him to take unfair advantage of the continuing violation doctrine. Regardless of the allegations in the current complaint, the record shows that Bishton held the belief that UPS had discriminated against him because of its affirmative action policy as early as January 1997. Thus, his first promotion denial alone triggered his awareness of his rights, and it is reasonable to expect Bishton to have filed his charge with the EEOC within 300 days of January 31, 1997, or at least within 300 days of his failure, in February 1997, to receive another promotion. See Moskowitz v. Trustees of Purdue Univ., 5 F.3d 279, 281-82 (7th Cir. 1993)

---

[5] Bishton's counsel argued at oral argument that Bishton's January, 1997 was merely a request for information from UPS as to the reason for his 1996 non-promotion, and that it was only after he did not receive answers to several letters, and failed to get several more promotions, that he finally realized he was a victim of discrimination. However, the test of the January, 1997 letter belies this contention, in it, Bishton informs the CEO of UPS that he currently holds the belief that "in regards to any possible upward movement within our company, what I am (a Caucasian Male) weighs far heavier than what I have done or will continue to do." Thus, it is undisputed that Bishton believed he was a victim of discrimination at this time; the law does not allow a complainant to wait until he has absolute certainty of discrimination (or, as Bishton seemed to want, a letter from UPS confirming or denying his suspicions) before he or she must file a charge with the EEOC.

4

("If [the plaintiff] knows or with the exercise of reasonable diligence would have known after each act that it was discriminatory and had harmed him, he may not sit back and accumulate all the discriminatory acts and sue on all within the statutory period of the last one.")

We agree with defendant that the Seventh Circuit's September 11, 2001 decision in *EEOC v. North Gibson School Corp., supra,* is applicable to this case. In *North Gibson,* the Court found that as soon as an employee is aware that he has been subject to an allegedly discriminatory policy, the limitations period for a continuing violation begins to run. Thus, because Bishton became aware in January 1997 that UPS had an affirmative action policy that allegedly prevented his promotion, he cannot argue that the continued existence of the policy brought his 1996 and 1997 promotion denials within the 300 day period.

For the above reasons, we grant Defendant's motion for reconsideration and grant its motion to strike those allegations in the complaint which relate to Bishton's failure to receive promotions in 1996 and 1997. Further, UPS has 21 days from the date of this order to answer the remaining allegations of the complaint. It is so ordered.

_____
Michael T. Mason
United States Magistrate Judge

Date: October 29, 2001

5